UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN EUGENE RANDOL                                                        PLAINTIFF

V.                           No. 4:19CV00597-KGB-JTR

MAJOR BRIGGS,
Pulaski County Jail, *et al.*                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff John Eugene Randol ("Randol") filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated in the Pulaski County Detention Facility ("PCDF"). *Doc. 1.*

On August 27, 2019, the Court entered an Order that allowed Randol, until

and including September 27, 2019, to: (1) pay the $400 filing fee or file an application to proceed *in forma pauperis;* and (2) sign his Complaint and file it with the Clerk. *Doc 2.* The Clerk mailed Randol a blank prisoner *in forma pauperis* application, along with a copy of the signature page from his Complaint.

On September 10, 11 and 18, 2019, mail sent to Randol at the PCDF was returned undelivered, with no forwarding address. *Docs. 3, 4 & 5.* According to the PCDF's website, Randol is no longer incarcerated in that facility.[1]

On September 25, 2019, the Court entered an Order advising Randol that, on or before October 25, 2019, he must file: (1) a notice of his current mailing address; and (2) a free-world application to proceed *in forma pauperis. Doc. 6.* The Court's August 27 and September 25, 2019 Orders cautioned Randol that his failure to comply by the designated deadline would subject his case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).[2] *Doc. 2 at 3; Doc. 6 at 2.*

---

[1] *See* http://www.pcso.org/InmateRoster.shtml (accessed Nov. 4, 2019).

[2] The Court's August 27, 2019 Order (*Doc. 2 at 1-2*) also advised Randol of his responsibilities under Local Rule 5.5(c)(2):

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

As of the date of this Recommendation, Randol has not complied with either of the Court's Orders, and the time for doing so has expired. Finally, Randol has not provided a current valid address, and his mail directed to his last known address, the PCDF, is being returned undelivered. *Docs. 3, 4, 5 & 7*. Randol's last communication with the Court was on August 23, 2019. *Doc. 1*.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 7th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE